**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| INTERNATIONAL LONGSHORE AND WAREHOUSE UNION and LOCAL 21, INTERNATIONAL LONGSHORE AND WAREHOUSE UNION, | No. 13-35364 |
| Plaintiffs - Appellants, | D.C. No. 3:11-cv-05767-RBL |
| v. | MEMORANDUM[*] |
| MARK S. NELSON, *et al.*, | |
| Defendants - Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Argued and Submitted February 4, 2015
Seattle, Washington

Before: FISHER, BEA, and MURGUIA, Circuit Judges.

Plaintiffs appeal from summary judgment granted in favor of Defendants

Cowlitz County, City of Longview, and individually named law-enforcement

---

  [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

officials. We review de novo. *Acosta v. City of Costa Mesa*, 718 F.3d 800, 822 (9th Cir. 2013). We have jurisdiction under 28 U.S.C. § 1291, and we affirm. The Union lacks standing to sue on its own behalf and lacks standing to sue for damages on behalf of its members. Furthermore, its claims for prospective injunctive relief on behalf of its members have become moot.

First, the Union asserts organizational standing. To establish standing, organizations, like individuals, must satisfy the requirements of three elements: (1) injury-in-fact, (2) causation, and (3) redressability. *La Asociacion de Trabajadores de Lake Forest v. City of Lake Forest*, 624 F.3d 1083, 1088 (9th Cir. 2010). "An organization suing on its own behalf can establish an injury when it suffered 'both a diversion of its resources and a frustration of its mission.'" *Id.* (quoting *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 905 (9th Cir. 2002)). ILWU contends that its members were systematically arrested in retaliation for exercising their First Amendment rights. ILWU attempts to satisfy the injury-in-fact element by arguing that it diverted considerable resources away from a labor dispute to deal with the retaliatory arrests. However, it failed to allege this injury in its complaint. Instead, it asserted the diversion of resources only in a declaration in support of its opposition to summary judgment. Such a declaration cannot retroactively confer standing to ILWU. *See id.* ("Without making any attempt to allege organizational

2

standing in its complaint, [the] provision of affidavits and declarations supporting organizational standing at the summary judgment stage is ineffectual."). Thus, the Union lacks organizational standing.

Second, ILWU asserts claims for damages on behalf of its members. ILWU lacks associational standing to bring these claims. "[A]n association has standing to bring suit on behalf of its members when: [1] its members would otherwise have standing to sue in their own right; [2] the interests it seeks to protect are germane to the organization's purpose; and [3] neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit." *Hunt v. Wash. State Apple Advertising Comm'n*, 432 U.S. 333, 343 (1977). The Union's claims for damages run afoul of the third prong, because those claims require the participation of individual members. *See, e.g.*, *Warth v. Seldin*, 422 U.S. 490, 515–16 (1975) ("[W]hatever injury may have been suffered is peculiar to the individual member concerned, and both the fact and extent of injury would require individualized proof.").

Third, ILWU seeks prospective injunctive relief on behalf of union members who might be detained in the future. These claims are moot. The probability of detention no longer exists: the arrests occurred allegedly in retaliation for the Union's protests targeted at organizing the workers' warehouse, but the statutes of

3

limitation have run for the misdemeanors committed during those protests. *See* Wash. Rev. Code Ann. § 9A.04.080(1)(i), (j). Furthermore, the record is undisputed that the Union has since organized the warehouse it was picketing to organize, and the Union has not shown that its members have committed or might commit other offenses in the course of future protests. *See Los Angeles Cnty. v. Davis*, 440 U.S. 625, 631 (1979) ("'Simply stated, a case is moot when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'" (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969))).

Appellants' motion to take judicial notice is denied.

**AFFIRMED.**